**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed November 16, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00871-CV

## IN RE AMANDA LYNN SHAW, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
308th District Court
Harris County, Texas
Trial Court Cause No. 2016-63844**

## MEMORANDUM OPINION

On November 2, 2017, relator Amanda Lynn Shaw filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Michael Sydow, Jr., associate judge of the 308th District Court of Harris County, to set aside his October 16, 2017 interim orders pending resumption of the emergency temporary orders hearing.

Effective September 1, 2017, the Texas Legislature expanded the courts of appeals' mandamus jurisdiction to include associate judges by amending Section 22.221(b)(3) of the Texas Government Code.[1]  However, the amendment applies only to "a suit filed under Chapter 45, Title 1, Title 4, or Title 5, Family Code, on or after the effective date of this Act."[2]  The underlying suit was filed on September 21, 2016, before the September 1, 2017 effective date of the amendment.  Therefore, we have no jurisdiction over the associate judge in this mandamus proceeding.[3]

Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Brown.

---

[1] *See* Tex. Gov't Code Ann. § 22.221(b)(3) (providing that a court of appeals for a court of appeals district may issue a writ of mandamus against "an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge").

[2] Act of June 15, 2017, 85th Leg., R.S., ch. 1013, § 2(b), 2017 Tex. Sess. Law Serv. 4051.

[3] *See id.* ("A suit filed under Chapter 45, Title 1, Title 4, or Title 5, Family Code, before the effective date of this Act is governed by the law in effect on the date the suit was filed, and the former law is continued in effect for that purpose."